PRICE, Judge.
Plaintiff filed suit to collect the balance owed on an account for merchandise sold and delivered to Cash & Carry Building Materials Company, Inc. The defendants are the corporation and Raymond B. Stat-ham, a former shareholder who is alleged to be a guarantor of the account. Finding Statham had guaranteed the account, the trial court rendered judgment for the balance due against the corporation and Stat-ham in solido. Statham appeals and we reverse the portion of the judgment casting him in solido with the defendant corporation.
This action against Statham as guarantor is based on a written request for credit sent to plaintiff by him on behalf of the defendant corporation on June 17, 1974. This letter stated that Statham arid Don Ferguson were the sole shareholders of the corporation, each holding 50 percent of the stock, and included personal financial statements of each. The request concluded with the statement “Accounts of Cash and Carry Building Materials Company, Inc. are personally guaranteed by the stockholders.” There were no further communications between plaintiff and Statham, and on November 25, 1974, Statham conveyed all of his stock in the corporation to Ferguson.
No account was opened with plaintiff on behalf of the defendant-corporation until March 4, 1975. At that time Ferguson informed plaintiff’s representative, who was familiar with the makeup of the corporation from his discussion with Ferguson and Stat-ham prior to the written request for credit, that Statham was no longer a partner in the business. Statham was never notified of any delinquency on his account and was never called on to execute his guarantee until the onset of this litigation.
The trial court held that since Statham had failed to prove when he ceased to be a stockholder and had never communicated to plaintiff any intent to withdraw the offer to guarantee the account, he was liable in solido with the corporation for the amount due.
Statham appeals contending primarily that his offer to guarantee the corporation’s account was never accepted by plaintiff, and consequently, he cannot be held liable for any of the debts incurred.
We agree. Despite the trial court’s findings, Statham’s testimony was uncontra-dicted that he ceased to be a shareholder in November 1974. Furthermore, it is clear from the admissions of plaintiff’s representative that plaintiff was aware of this fact before any credit was extended to the corporation.
As both parties concede, a contract of suretyship requires an acceptance in order to bind the guarantor. Lochman v. Block, 47 La. 505, 17 So. 153 (1894). While an acceptance may be implied in certain in *CDXCVII stances, no such implication is warranted under the facts of this case. Statham’s offer to guarantee the account of the corporation was clearly predicated on his continued ownership of shares in the corporation. Although the results may have been different had plaintiff been unaware that Stat-ham was no longer a shareholder, plaintiff’s extension of credit to the corporation after being informed of this fact cannot imply an acceptance of his June 17, 1974 offer.
For the foregoing reasons, the portion of the judgment casting Statham liable in soli-do with the defendant-corporation is reversed. Plaintiff’s demands against Stat-ham are rejected at plaintiff’s cost.